NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2729
_____

AARON J. BRESSI,
                    Appellant

v.

JEFFERY BRENNEN; EDWARD PURCELL; CHRISTOPHER LAPOTSKIE;
CHAD YODER; CHRISTOPHER WILLIAMS; CHIEF WILLIAM CARPENTER;
TERRY KECHEM, Coal Township Police Officer; and
PATROLMAN ADAMS, Coal Township Police Officer
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 4:17-cv-01742)
District Judge: Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 23, 2023
Before: JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed: May 24, 2023)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Proceeding pro se, Aaron Bressi filed a federal civil rights action against several law enforcement officers. He raised claims of unlawful arrest and malicious prosecution. Concluding that Bressi's claims were time- or Heck[1]-barred, the District Court granted the defendants' Rule 12(b)(6) motion and dismissed the action with prejudice. We affirmed, but modified the District Court's order to reflect that dismissal of the Heck-barred claims was *without* prejudice. See Bressi v. Brennen, 823 F. App'x 116, 120 (3d Cir. 2020) (per curiam). Bressi then filed motions in the District Court asking to "refile" his case. After the District Court denied the latest of the motions, Bressi filed this appeal.[2]

Bressi's attempt to "refile" his civil rights action lacked any legitimate basis for such relief. Thus, insofar as his latest motion could be construed as seeking vacatur under Federal Rule of Civil Procedure 60(b), the District Court did not abuse its discretion when it denied the motion. To the extent Bressi mistook our modification of the District Court's earlier order of dismissal as authorization to "refile," we remind Bressi that his wrongful-conviction and malicious-prosecution claims do not accrue unless and until the subject criminal case terminates in his favor. See Coello v. DiLeo, 43 F.4th 346, 354 (3d Cir. 2022).

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

[2] We have appellate jurisdiction under 28 U.S.C. § 1291.

For those reasons, we will affirm the judgment of the District Court. Bressi's motion seeking a court-ordered mental health evaluation is denied.